UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC BANK, N.A., as successor in
interest to RBC Bank (USA), as
successor in interest to Community
Bank of Naples, N.A.

   Plaintiff,

v.              Case No: 2:13-cv-247-FtM-38UAM

DBAK HOLDINGS, LLC, PARKER
COMMONS OFFICE PARK
CONDOMINIUM ASSOCIATION
INC., UNKNOWN OCCUPANTS,
n/k/a U.S. HEALTH ADVISORS, and
UNKNOWN OCCUPANTS,

   Defendants.
_____/

# **ORDER**[1]

This matter comes before the Court on Plaintiff's Application for Clerk's Default Against the Unknown Occupants (Doc. #45) filed on October 17, 2013. Plaintiff, PNC Bank, N.A. pursuant to Federal Rules of Civil Procedure 55 and Local Rule 1.07(b), moves for Clerk's Default against Defendant, Unknown Occupants n/k/a U.S. Health Advisors for failure to respond to the Amended Complaint. Under Fed. R. Civ. P. 55(a),

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

default is justified "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear by affidavit or otherwise, the clerk shall enter the party's default."

Plaintiff's Motion states that U.S. Health Advisors was served with the Plaintiff's Verified Complaint on April 18, 2013, and with Plaintiff's Amended Verified Complaint on July 29, 2013. Plaintiff has filed an Amended Return of Service (Doc. #45-1), and a Supplemental Certificate of Service (Doc. #45-2), indicating that U.S. Health Advisors was served on these dates.

Pursuant to Fed R. Civ. P. 4(h), service upon a corporation is affected when:

> [u]nless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. . .

A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d). The statute goes on to note that "[i]f the address provided for the registered agent, officer, director, or principal place of business is a residence or private mailbox, service on the corporation may be made ... in accordance with § 48.031." Fla. Stat. § 48.031 governs the general service procedures for serving process on an individual and provides that service may be made

by leaving copies of the complaint at the residence with any person "residing therein who is 15 years of age or older and informing the person of their contents." § 48.031, Fla. Stat. See Brown Bark III, L.P. v. Confresi Torres, No. 09-22589-CIV, 2010 WL 10363, *2 (S.D. Fla. 2010). The conditions imposed by Florida Stat. § 48.081 must be strictly complied with. S.T.R. Industries, Inc. v. Hidalgo Corporation, 832 So. 2d 262, 263 (Fla. 3d DCA 2002); Richardson v. Albury, 505 So. 2d 521, 522-523 (Fla 2d DCA 1987).

In this case, Randy Weidner, Registered Agent of U.S. Health Advisors, was personally served at 13440 Parker Commons Blvd, Unit 106, Fort Myers, Florida, 33912, on April 18, 2013 and then provided a copy of the Verified Amended Complaint at this address on July 30, 2013. To date, U.S. Health Advisors has failed to file an answer or otherwise respond to the Verified Amended Complaint and the time to do so has expired. Thus, good cause exists to grant the Motion for a Clerk's Default.[2]

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Application for Clerk's Default Against the Unknown Occupants (Doc. #45) is **GRANTED**.

(2) The Clerk is directed to correct the caption of the case to **ADD** "Unknown Occupants n/k/a U.S. Health Advisors" as a defendant.

(3) The Clerk is thereafter directed to enter clerk's default against "Unknown Occupants n/k/a U.S. Health Advisors" **ONLY**.

---

[2] Plaintiff's Motion indicates that a clerk's default was previously entered against Tenant. This is incorrect. A clerk's default was previously entered against DBAK Holdings, LLC on the dates indicated in Plaintiff's Motion.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of October, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record