UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC BANK, N.A., as successor in interest to RBC Bank (USA), as successor in interest to Community Bank of Naples, N.A.,

    Plaintiff,

v.                                  Case No: 2:13-cv-247-FtM-38UAM

DBAK HOLDINGS, LLC, PARKER COMMONS OFFICE PARK CONDOMINIUM ASSOCIATION INC., UNKNOWN OCCUPANTS n/k/a U.S. Health Advisors, and UNKNOWN OCCUPANTS,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on PNC Bank N.A.'s Motion for Entry of Final Judgment (Doc. #48) filed on November 13, 2013. No response has been field and the time to respond has expired. Plaintiff moves for a final entry of default judgment against Defendants DBAK Holdings, LLC and "Unknown Occupants n/k/a U.S. Health Advisors."

On September 27, 2013, the Court issued an Order (Doc. #43) granting Plaintiff's Motion for Clerk's Default against Defendant DBAK Holdings, LLC, for its failure to respond to Plaintiff's Amended Complaint after service. A Clerk's Entry of Default (Doc.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

# 44) was issued on October 2, 2013, against DBAK Holdings, LLC.  On October 18, 2013, the Court issued an Order ([Doc. #46](Doc. #46)) granting Plaintiff's Motion for Clerk's Default against Defendant Unknown Occupants n/k/a U.S. Health Advisors, for its failure to respond to Plaintiff's Amended Complaint after service.  A Clerk's Entry of Default ([Doc. #47](Doc. #47)) was issued on November 6, 2013, against Defendant Unknown Occupants n/k/a U.S. Health Advisors.

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof."  Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations and citations omitted).

> The entry of a default against a defendant, unless set aside pursuant to Rule 55(c), severely limits the defendant's ability to defend the action. While "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," a defaulted defendant is deemed to "admit [ ] the plaintiff's well-pleaded allegations of fact." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975).[ ] The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id. Thus, before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. At that point, the defendant, even though in default, is still entitled to contest the sufficiency of the complaint and its allegations to support the judgment being sought.  See Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005) (citing Nishimatsu, 515 F.2d at 1206)[ ].

Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x at 863 (footnotes omitted).

On July 29, 2013, Plaintiff PNC Bank filed an Amended Complaint ([Doc. #28](Doc. #28)) to recover for default on a loan. Specifically, The Bank and DBAK are parties to a lending relationship evidenced by a series of loan, security, and perfection documents (collectively, the "Loan Documents"). The Loan Documents include the following documents:

    a. "Promissory Note" (the "Note") executed and delivered by the Borrower to Community Bank of Naples, N.A. on or as of February 2, 2007, in the original principal amount of $255,000;

    b. "Mortgage" (the "Mortgage") executed and delivered by the Borrower to Community Bank of Naples, N.A. on or as of February 2, 2007, thereby granting Community Bank of Naples, N.A. a security interest and mortgage lien in that certain real property located in Lee County, Florida, and more specifically described therein (the "Real Property"); and

    c. "Assignment of Rents" (the "Assignment of Rents") executed and delivered by the Borrower to Community Bank of Naples, N.A. on or as of February 2, 2007, thereby granting Community Bank of Naples, N.A. a security interest and lien in the rents, issues, and profits generated from the Real Property, as more fully described therein (collectively, the "Rents").

Community Bank of Naples, N.A. properly perfected its security interest and mortgage lien in the Real Property by recording the Mortgage on February 6, 2007, as Instrument Number 2007000040369, in the Official Records of Lee County, Florida, and rerecording the same on September 7, 2007, as Instrument Number 2007000278783, in the Official Records of Lee County, Florida, to correct a scrivener's error in the legal

description of the Real Property. Community Bank of Naples, N.A. properly perfected its security interest and lien in the Rents by recording the Assignment of Rents on February 6, 2007, as Instrument Number 2007000040370, in the Official Records of Lee County, Florida, and rerecording the same on September 7, 2007, as Instrument Number 2007000278784, in the Official Records of Lee County, Florida, to correct a scrivener's error in the legal description of the Real Property, and as otherwise required.

The Borrower defaulted pursuant to the terms and conditions of the Loan Documents by failing to make payments on the Obligation as they have come due and owing pursuant to the same. Specifically, the Obligation matured on February 5, 2012, and the Borrower failed to make the balloon payment of all remaining principal, interest and fees due and owing at that time. As a result of the foregoing default, the Bank deemed itself insecure, accelerated the full amount of the Obligation, and demanded payment of the same, to the extent necessary and required. The Bank demanded payment of the full amount due under the Obligation.

As of October 25, 2013, the Obligation is in the amount of $259,999.80, inclusive of principal, accrued interest, and late charges, itemized as follows:

Principal $ 217,637.34

Interest (as of 10/25/13 at $46.85 per diem): $ 29,422.96

Late Charge: $ 12,739.50

Administrative Fee: $ 200.00

TOTAL DUE: $ 259,999.80

Additionally, interest continues to accrue on the principal amount of the Obligation at the lower of the highest rate allowed by law and/or under the Loan Documents. No

payment for the Obligation has been received, from or on behalf of DBAK, the same having reached maturity on February 5, 2012. Interest continues to accrue on the Obligation at the lower of the default rate set forth in the Loan Documents or at the highest rate permitted by law.

The Bank has alleged a contractual right to recover additional accruing fees pursuant to the terms of the Loan Documents and all such rights are reserved to the extent not expressly waived.  The Bank argues that the Obligation additionally includes the Borrower's liability for reimbursement of the Bank's attorneys' fees, court costs, and related compensable expenses incurred in prosecuting and enforcing its rights and remedies pursuant to the Loan Documents, including attorneys' fees and costs paid by the Bank to its counsel as compensation and reimbursement for its efforts to enforce the Loan Documents.

Plaintiff now moves for final default judgment on Counts I, II, and III brought against DBAK and Count II against the Unknown Occupants, n/k/a U.S. Health Associates, and attorney's fees and costs.  A default judgment may be entered without a hearing if the claim "is for a sum certain or a sum that can be made certain by computation" upon the plaintiff's request with an affidavit showing the amount due.  Fed. R. Civ. P. 55(b)(1). Such a hearing is not required where all the essential evidence is already of record and the amount claimed is a liquidated sum or one capable of mathematical calculation.  <u>SEC v. Smyth</u>, 420 F.3d 1225, 1231 n.13 (11th Cir. 2005); <u>Adolph Coors Co. v. Movement Against Racism & Klan</u>, 777 F.2d 1538, 1543-44 (11th Cir. 1985).

In this case, the Plaintiff has submitted an affidavit as to amounts due and owing, affidavit of costs, and affidavit of attorney's fees.  (Docs. #48-1, 482-, 48-3).  The

Certificate of Service for the Motion for Default and the affidavits indicate that they were sent to the Defendants. Thus, the Court finds that a hearing is not necessary as judgment is for an amount that may be calculated and affidavits were submitted showing the amounts due. Specifically, Plaintiff seeks the principal, late charges, administrative fee, and interest due and owing on the loan (as of October 25, 2013) in the amount of $259,999.80. Interest is accruing on the unpaid principal balances at the rate $46.85 per day. (Doc. #48-1). Plaintiff further seeks $20,310.50 in attorney's fees (Doc. #48-3) and $2,394.21 in costs (Doc. #48-2) pursuant to Loan Documents. The costs in the amount of $2,394.21 are further included in attorney affidavits. (Doc. #48-2). Defendants have been on notice from the Amended Compliant of the allegations regarding the loan amount, as well as the entitlement to attorney's fees and costs in the event of default.

After consideration, the Court finds that the requested judgment is proper in this matter as Defendants have failed to respond to the Complaint in this matter after proper service and Plaintiff's Complaint contains well-pleaded allegations of fact, which are deemed admitted by the Defendants for failing to respond. Based upon the sworn affidavit, as well as the opportunity afforded Defendants to appear and defend in this matter, the Court finds that default judgment is due to be entered in favor of Plaintiff against Defendants DBAK Holdings LLC and Unknown Occupants n/k/a U.S. Health Advisors.[2]

---

[2] It is unclear from the Motion whether Plaintiff is moving for final default against Defendant Parker Commons Office Park Condo Association. At some points in the Motion, Plaintiff requests this, and others it does not. In fact, on page 7 of the Motion, Plaintiff requests that a final consent judgment be entered on Count II of the Complaint as to the Association. The Court directs Plaintiff to move separately for entry of a consent judgment against the Association if it wishes to do so.

Accordingly, it is now

**ORDERED:**

(1) PNC Bank N.A.'s Motion for Entry of Final Judgment (Doc. #48) is **GRANTED** as to Defendants DBAK Holdings LLC and Unknown Occupants, n/k/a U.S. Health Advisors.

(2) The Clerk shall enter judgment in favor of Plaintiff against Defendant DBAK Holdings LLC as to Counts I, II, and III of Plaintiff's Amended Complaint in the amount of $259,999.80, plus pre-judgment interest from October 25, 2013, through the entry of judgment, and post-judgment interest thereafter accruing at the daily rate of $46.85. The judgment shall also include an amount of $20,310.50 in attorney's fees and $2,394.21 in costs.

(3) The Clerk shall further enter judgment in favor of the Plaintiff against Defendant Unknown Occupants, n/k/a U.S. Health Advisors as to Count II of the Amended Complaint, Foreclosure of Real Property.

(4) Defendant DBAK Holdings is further directed to complete a Florida Rules of Civil Procedure, Form 1.977, Fact Information Sheet, including all required attachments, within 45 days of the entry of Judgment in this matter.[3]

(5) Plaintiff shall have up to and including **December 13, 2013,** to move for a consent judgment or default against Defendant Parker Commons and inform the Court the status of the remaining Unknown Defendants.

---

Further, the Plaintiff is directed to inform the Court whether there are any further Unknown Occupant defendants that it is attempting to locate and serve in this case. If not, Plaintiff may stipulate to their dismissal.

[3] Plaintiff requests this in aid of execution of the judgment.

7

(6) The Clerk of the Court shall provide a copy of this Order to the Defendants at the last known addresses in the Court file.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of December, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record