## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

PNC BANK, N.A., as successor in
interest to RBC Bank (USA), as
successor in interest to Community
Bank of Naples, N.A.,

      Plaintiff,

v.                                                                    Case No:   2:13-cv-247-FtM-38CM

DBAK HOLDINGS, LLC, PARKER
COMMONS OFFICE PARK
CONDOMINIUM ASSOCIATION
INC., UNKNOWN OCCUPANTS,
and UNKNOWN OCCUPANTS
n/k/a U.S. HEALTH ADVISORS,

      Defendants.

_____

## ORDER

Before the Court is Plaintiff's Motion to Schedule Foreclosure Sale and

Memorandum of Law (Doc. 67) filed on February 25, 2014.   Plaintiff PNC Bank, N.A.

("PNC") moves the Court for an order directing the United States Marshal for the

Middle District of Florida to conduct the sale of certain real property located at 13440

Parker Commons Blvd., Unit 106, Naples, Florida, 33912, Lee County, Florida, more

specifically described in Exhibit A to Plaintiff's Motion ("the Property").   Doc. 67-1.

For the reasons set forth herein, the Motion will be granted.

On March 28, 2013, PNC initiated this action by filing a four-count complaint

("Complaint") against the above-captioned Defendants (collectively "Defendants").

Pursuant to the Complaint, PNC sought the following relief: Count I - Suit on Note,

Count II - Foreclosure of Real Property, Count III - Foreclosure of Security Interests and Liens in Rents, and Count IV - Receivership.   On January 17, 2014, the Court entered an Amended Judgment in a Civil Case (Doc. 62) in favor of PNC against Defendant DBAK Holdings, LLC ("DBAK") as to all counts in the amount of $259,999.80, plus pre and post-judgment interest, and against Defendants Parker Commons Office Park Condominium Association Inc. and Unknown Occupants, n/k/a U.S. Health Advisors as to Count II.   Doc. 62.   The Amended Judgment also included an amount of $20,310.50 in attorney's fees and $2,394.21 in costs (the "Judgment Amount").   *Id.*   Plaintiff asserts that the entire Judgment Amount remains due and unpaid, with interest accruing.   Doc. 67 at ¶ 6.   On February 13, 2014, the Clerk issued a Writ of Execution as to the Judgment Amount against DBAK.   Doc. 66.

Plaintiff holds a valid and enforceable Amended Judgment in foreclosure and requests the sale of the Property to satisfy it.   Thus, the Court will direct the Marshal to conduct the foreclosure sale.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's Motion to Schedule Foreclosure Sale (Doc. 67) is **GRANTED**. The United States Marshal shall sell the Property described in Exhibit A to Plaintiff's Motion (Doc. 67-1) at public sale to the highest bidder for cash after having first given notice.

2.     Pursuant to 28 U.S.C. § 2002, the United States Marshal shall cause notice of the public sale of the Property to be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Lee County, Florida and shall sell the Property at the United States Courthouse, 2110 First Street, Fort Myers, Florida at the usual hour and location for public sale, on any convenient date set by the Marshal, as stated in the published notice of sale.

3.     Under 28 U.S.C. § 566, it is the duty of the United States Marshal to enforce the decree of the United States District Court; and under § 564, the Marshal is authorized to exercise the same powers in conducting the sale as the Clerk of Lee County, or other official customarily conducting foreclosure sales at the Circuit Court of Lee County, in order to yield the best sale price of the Property through free, fair, and competitive bidding.

4.     If Plaintiff is the successful bidder at the sale, the amount due on the Mortgage may be used as the equivalent of cash.   The Marshal and/or Clerk shall credit to the bid of the Plaintiff the total sums found to be due to the Plaintiff, or such portion as may be deemed necessary to pay fully the bid of the Plaintiff.

5.     If not the purchaser at sale, then Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Marshal if the Plaintiff is not the purchaser of the Property at the sale.   If Plaintiff is the purchaser, the Marshal and/or Clerk shall credit the Plaintiff with the total sum advanced with

interest and cost accruing subsequent to the Amended Judgment or such portion as is necessary to pay the bid in full.

6.      In conducting the sale, the Marshal shall require the highest bidder, other than Plaintiff, to make a cash deposit of five percent (5%) of the bid as earnest money and as evidence of good faith, with the balance of the bid to be paid to Plaintiff, through counsel of record, in cash, certified or cashier's check within ten (10) days after the sale.

7.      Should the person making the highest bid at the sale fail to comply with the bid terms by not depositing the five percent (5%) in cash, then the Property shall be resold at such bidder's risk on the same sales date, or some subsequent date, as the Marshal may find convenient and advantageous.   Should the last and highest bidder fail to comply with the subsequent bid terms within ten (10) days of the final acceptance of the bid and not tender the balance, the entire deposit shall be forfeited and the Marshal shall re-advertise and resell the property on the same terms and at the bidder's risk on a subsequent sales day, at the same location.

8.      Upon full compliance with the terms of sale, the Marshal shall convey title in fee simple to the purchaser, or nominee through the filing of a Marshal's Deed/Certificate of Title, in the local land records office, as provided by applicable state law, as well as filing a Report of Sale as soon as possible after the sale and, as provided by applicable state law, the Defendants and all persons claiming under or against them since the filing of the Notice of Lis Pendens (Doc. 3) are foreclosed of all

estate, claim right, title, interest and equity of redemption in the Property and any part of the Property.

9.      Upon filing of the Marshal's Deed and/or issuance of Certificate of Title, the sale proceeds shall be applied to Plaintiff's costs and disbursements of this action, to the expenses of sale, including documentary stamps affixed to the Marshal's Deed if applicable, the total sum due to Plaintiff less the items paid, plus interest at the rate prescribed by law in this State from this date to the sale date, retaining any remaining proceeds pending further order of the Court.

10.     Plaintiff or any other purchaser at the foreclosure sale is granted possession of the Property, its improvements, fixtures and other contents and the Marshal, his or her deputies and agents, are authorized and directed to take any and all action to remove any persons and their belongings from the Property.   The Defendants, occupants of the Property, and all others shall vacate the Property at the direction of the Marshal and shall not commit waste, damage or vandalism against the Property or do anything to impair its value and violation of these conditions will be punishable by contempt of Court.

DONE and ORDERED in Fort Myers, Florida on this 3rd day of April, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

U.S. Marshal's Office
Counsel of record